Filed 1/26/24  P. v. Jenkins CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL SCHNARD JENKINS,<br><br>Defendant and Appellant. | B328802<br><br>(Los Angeles County<br>Super. Ct. No. BA101113) |

APPEAL from an order of the Superior Court of Los Angeles County.  Henry J. Hall, Judge.  Reversed and remanded with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Stephanie C. Santoro, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Michael Jenkins appeals the denial of a request by the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to recall his sentence and strike a one-year prior prison enhancement pursuant to Penal Code[1] section 1172.75. The People concede that the superior court erred in refusing to recall the sentence and resentence appellant. We accept the People's concession and remand the matter to the superior court for recall and resentencing in accordance with section 1172.75.

## PROCEDURAL BACKGROUND

In 1995, a jury convicted appellant of assault with intent to commit rape (§ 220), first degree robbery (§ 211), and first degree burglary (§ 459). The jury found a firearm enhancement allegation true as to each offense. (§ 12022, subd. (b).) The jury also found that appellant had two prior serious felony convictions for robbery (§§ 667, subd. (a), 667.5, subd. (b)), as well as prior convictions for assault with a deadly weapon and receiving stolen property (§ 667.5, subd. (b)). The trial court found the two prior robbery convictions were "strikes." (§§ 667, 1170.12.) After several resentencing hearings, the trial court sentenced appellant to 37 years to life, consisting of 25 years to life (§ 667, subd. (b)–(i)), plus two five-year terms for the prior serious felony conviction enhancements (§ 667, subd. (a)), plus one year for the weapon use (§ 12022, subd. (b)), and one additional year for one of the prior prison terms[2] (§ 667.5, subd. (b)).

_____

[1] Undesignated statutory references are to the Penal Code.

[2] The court also imposed and stayed a one-year term for one of the other prison priors. (§ 667.5, subd. (b).)

2

Following the enactment of Senate Bill No. 483, which eliminated enhancements for prior prison terms (Stats. 2021, ch. 728), the California Department of Corrections and Rehabilitation (CDCR) requested that the sentencing court recall appellant's sentence, strike the one-year prior prison term enhancement, and resentence appellant (§ 1172.75). The court summarily denied the request on the ground that one of appellant's current convictions was for a sexually violent offense (Welf. & Inst. Code, § 6600, subd. (b)), which precluded relief under Penal Code section 1172.75, subdivision (a).

## DISCUSSION

### The Trial Court Erred in Denying the Request for Recall of Appellant's Sentence; the Matter Must Be Remanded for Recall and Resentencing

Effective January 1, 2022, Penal Code section 1172.75 eliminated the one-year prior prison term enhancement under section 667.5, subdivision (b) for all defendants sentenced before January 1, 2020, whose sentences included the enhancement. (Pen. Code, § 1172.75, subd. (a).) The sole exception was for "any enhancement imposed for a prior conviction for a sexually violent offense" under section 6600 of the Welfare and Institutions Code. (Pen. Code, § 1172.75, subd. (a).) The legislation requires the CDCR to identify all persons in CDCR custody currently serving a sentence that includes the one-year enhancement and notify the sentencing court to have the sentence recalled and the defendant resentenced. (§ 1172.75, subds. (b) & (c).)

In this case, one of appellant's *current* offenses was for a sexually violent offense—assault with intent to commit rape—but none of his *prior* prison terms was for a conviction of a sexually violent offense as defined by Welfare and Institutions Code

3

section 6600, subdivision (b).  Accordingly, the prior prison term imposed as a part of appellant's sentence pursuant to Penal Code section 667.5, subdivision (b) is legally invalid.  (Pen. Code, § 1172.75, subd. (a).)

The trial court erred in refusing to recall appellant's sentence and resentence him in accordance with section 1172.75, subdivisions (b) through (d).

## DISPOSITION

The order denying the California Department of Corrections and Rehabilitation Secretary's request to recall appellant's September 3, 1998 sentence and to resentence him is reversed.  The matter is remanded to the superior court for recall of appellant's sentence and to resentence in accordance with Penal Code section 1172.75.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

CHAVEZ, J.

HOFFSTADT, J.

4